UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CHAPTER 13 PLAN

In re:   Crishna A. Persaud                                           CASE NO.: 6:15-bk-10459

    Debtor.
_____/

Amended Chapter 13 Plan

**CHECK ONE:**

   X  The Debtor certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

   _____ The Plan contains provisions that are specific to this Plan in paragraph 9, Nonconforming Provisions. Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

1. **MONTHLY PLAN PAYMENTS:** Including Trustee's fee of 10% and shall begin thirty (30) days from filing/conversion date. Debtor shall make payments to the Trustee for the period of __36__ months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payment under the plan and may cause an increased distribution to the unsecured class of creditors:

    A. $    1650.00      for months I through 6
    B. $    2020.00      for months 7 through 36

    To pay the following creditors:

2. **ADMINISTRATIVE ATTORNEY FEE:**

    **Base Fee: $4500.00    Total Paid Prepetition: $2500.00    Balance Due: $2000.00**

    **Estimated Additional Fees Subject to Court Approval:** $ N/A

    **Attorney's Fees Payable through Plan** $ 50.00 **Monthly (subject to adjustment)**

3. **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507):**

    **Internal Revenue Service** taxes assessed in 2014 and 2015              $6446.36

    **Seminole County Property Tax**     5435 Wilson Avenue property         $3615.00

1

4. <u>TRUSTEE FEES:</u> Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

5. <u>SECURED CLAIMS:</u> Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

   A. **Claim Secured by Real Property Which the Debtor Intends to Retain/Mortgage Payments and Arrears, if any, Paid through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as a part of the Plan, These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims: N/A

   B. **Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification.** Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead property*, the lesser of 31% of gross disposable monthly income of Debtor and non-filing spouse, if any (after deducting homeowner's association fees), or the normal monthly contractual mortgage payments, or (2) for *non-homestead*, income-producing property. 75% of the gross rental income generated from the property: N/A

   C. **Claims Secured by Real Property of Personal Property to Which Section 506 Valuation APPLIES.** Under 11 U.S.C § 1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principle residence. A separate motion to determine secured status or to value the collateral must be filed. The secured portion of this claim, estimated below, shall be paid:

| Last 4 Digits of Acct No. | Creditor | Collateral Desc./Address | Claim Amt. Value | Pmt. Interest @___% |
|---|---|---|---|---|
| #9043 | BB&T | 2323 Tuskawilla Road, Oviedo, FL 32765 | $265,000.00 | 5.25% |

   D. **Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY.** Claims of the following secured creditors shall be paid in full with interest: N/A

- E. **Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearages, if any, with All Payments in Plan.** N/A

- F. **Secured Claims/Lease Claims Paid Direct by Debtor.** The following secured claims/lease claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid direct to the creditor or lessor by the Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in persona*, as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that the Debtor proposes to pay direct in the Lease/Executory Contract Section 6 below.)   N/A

- G. **Liens to be Avoided per 11 U.S.C. § 522/Stripped Off per 11 U.S.C. § 506.** A separate motion to avoid a lien under § 522 or to determine secured status and to strip a lien under § 506 must be filed.   N/A

- H. **Surrender of Collateral/Leased Property**. Debtor will surrender the following collateral/leased property. The automatic stay is determined *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.)   N/A

6. **LEASES/EXECUTORY CONTRACT**  N/A

7. **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimate dividend to unsecured creditors shall be no less than $ 0 .

8. **ADDITIONAL PROVISIONS:**

    A. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims:

    B. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

    C. Property of the estate (check one)*

(1) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

(2) __X__ shall vest in Debtor upon confirmation of the Plan.

* If Debtor fails to check (a) or (b) above, or if Debtor check both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

D. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or proofs of claims as filed and allowed. The Trustee shall only pay creditors with filed and allowed proof of claims. An allowed proof of claim will control, unless the Court orders otherwise.

E. The Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

F. Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if the Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within fourteen (14) days of filing the return. Unless otherwise ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without prior court approval.**

9. **NONCOMFORMING PROVISIONS**: None

_____
Debtor

Dated: 6/7/16

4

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been sent by either electronic transmission or U.S. Mail this 7th of July 2016 to: **Laurie K. Weatherford, Chapter 13 Trustee**, P.O. Box 3450, Winter Park, FL 32790 and all parties on the attached matrix.

*/s/ Kathleen S. Davies*
Kathleen S. Davies, Esquire
Florida Bar No.: 725579
THE DAVIES LAW FIRM, LLC
126 East Jefferson Street
Orlando, FL 32801
Telephone: (407) 540-1010
Facsimile: (407) 839-6183
Email: kdavies@thedavieslawfirm.com
Secondary: assistant@thedavieslawfirm.com
Attorney for **Debtor**

```
Label Matrix for local noticing          Branch Banking and Trust            Crishna Avidash Persaud
113A-6                                   225 E Robinson Street               117-06 107th Avenue
Case 6:15-bk-10459-CCJ                   Suite 155                           South Richmond Hill, NY 11419-2702
Middle District of Florida               Orlando, FL 32801-4326
Orlando
Fri Jan 29 10:55:23 EST 2016

BB&T                                     BRIAN O COLEMAN D.M.D P.A. -        Centra Care
P.O. Box 2027                            C/O FOX COLLECTION CENTER           901 N Lake Destiny Road
Greenville, SC 29602-2027                PO BOX 528                          Maitland, FL 32751-4891
                                         GOODLETTSVILLE, TN 37070-0528

Central Loan Admin & R                   Chase                               Citi VISA
425 Phillips Blvd.                       P.O. Box 24696                      P.O. Box 6500
Ewing, NJ 08618-1430                     Columbus, OH 43224-0696             Sioux Falls, SD 57117-6500

Citimortgage Inc                         Florida Department of Revenue       Florida Hospital
P.O. Box 9438                            Bankruptcy Unit                     P.O. Box 538800
Gaithersburg, MD 20898-9438              Post Office Box 6668                Orlando, FL 32853-8800
                                         Tallahassee FL 32314-6668

Fox Collection Center                    Internal Revenue Service            JPMorgan Chase Bank, N.A.
456 Moss Trl                             Post Office Box 7346                c/o Five Lakes Agency, Inc.
Goodlettsville, TN 37072-2029            Philadelphia PA 19101-7346          P.O. Box 80730
                                                                             Rochester, MI  48308-0730

Jewett Orthopaedic                       Ocwen Loan Servicing L              Orange County Tax Collector
1285 Orange Avenue                       3451 Hammond Ave                    PO Box 545100
Winter Park, FL 32789-4961               Waterloo, IA 50702-5345             Orlando FL 32854-5100

(p)PORTFOLIO RECOVERY ASSOCIATES LLC     Quality Collection Service          Regions Bank Home Equity Loa
PO BOX 41067                             P.O. Box 149281                     P.O. Box 1984
NORFOLK VA 23541-1067                    Orlando, FL 32814-9281              Birmingham, AL 35201-1984

SEMINOLE COUNTY TAX COLLECTOR -          Laurie K Weatherford +              United States Trustee - ORL7/13 7 +
PO BOX 630                               Post Office Box 3450                Office of the United States Trustee
SANFORD, FL 32772-0630                   Winter Park, FL 32790-3450          George C Young Federal Building
                                                                             400 West Washington Street, Suite 1100
                                                                             Orlando, FL 32801-2210

Kathleen S Davies +                      Cynthia M Talton +
The Davies Law Firm LLC                  McCalla Raymer, LLC
126 East Jefferson Street                225 E Robinson Street, Suite 155
Orlando, FL 32801-1830                   Orlando, FL 32801-4326
```

                    The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                    by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Portfolio Recovery
Attn: Bankruptcy
P.O. Box 41067
Norfolk, VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Cynthia C. Jackson +
Orlando

(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
--------------------------------------------------
Note: Entries with a '-' at the end of the
name have filed a claim in this case

End of Label Matrix
Mailable recipients    25
Bypassed recipients     2
Total                  27